UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA "KYNG PARIAL" JOHNSON,

                                    Plaintiff,

                    -against-

RIKERS ISLAND, RMSC; ISAIAH
RASHAD; JETBLUE AIRLINES; UNITED
STATES OF AMERICA; KKK; AUBREY
GRAHAM; DONALD TRUMP, JR.; MIKE
PENCE; SAINT JHA; WIZ KID; BOOSIE,

                                    Defendant.

22-CV-3047 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Mid-Hudson Forensic Psychiatric Center, brings this *pro se* action alleging that Defendant "Rikers Island, RMSC" violated her rights on April 3, 2022, at the Rose M. Singer Center ("RMSC"). She also alleges that Defendants JetBlue Airlines ("JetBlue"), the United States, and the "KKK" violated her rights from December 22, 2016, through December 28, 2016, in Orlando, Florida. Plaintiff does not state any facts regarding their involvement of Defendants Isaiah Rashad, Aubrey Graham ("Drake"), Donald Trump, Jr., Mike Pence, Saint Jha, Wiz Kid, and Boosie, in any violations of Plaintiff's rights.

By order dated May 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the claims against all named Defendants; (2) substitutes the City of New York for Defendant Rikers Island, RMSC; (3) grants Plaintiff leave to file an amended complaint against the City of New York regarding her claims that arose at the RMSC.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action asserting three sets of claims. First, she alleges that on April 3, 2022, while she was detained at the RMSC, she did not receive medical treatment. This claim may be related to an incident Plaintiff describes as follows:

> Inmate 274LB fell on my back while I was bent over going through my bin, under metal casket holders (bed). I felt it was intentional, but they say it was accidental. FOH. I have scoliosis.

(ECF 1, at 5) (cleaned up). These claims are brought against Defendant Rikers Island, RMSC.

Second, Plaintiff alleges that, either in late 2016 or early 2017, "I was told I couldn't board flight cause of face tats [and] ticket was fully paid." (*Id.*) She brings this claim against JetBlue and the United States. Third, she alleges that, in Georgia, she was "[a]lmost murdered & intentionally targeted kidnapped & placed in detox (concentration camp)," but she does not state who participated in these events or when they occurred. (*Id.*)

For her injuries, Plaintiff states that she (1) did not receive medical treatment on April 3, 2022; (2) never boarded her flight and "they threatened my flight attendant's job if I pursued this suit"; (3) "was placed in a detox in Georgia as per kidnap held captive" ("Georgia claims"); and (4) KKK members "sexually assaulted" her. (*Id.*) (cleaned up).

For relief, she seeks to be the "1st Black Woman Dictator Youth Advocate for USA & Canada [and] One Hundred Trillion." (*Id.*)

## DISCUSSION

**A.   The Court dismisses all claims brought against the named defendants**

**1.   Rikers Island**

Plaintiff's claims against Rikers Island, RMSC must be dismissed because it is not an entity that can be sued under the New York City Charter. This defendant is a jail operated by the New York City Department of Correction ("DOC"), and DOC is an agency of the City of New York that cannot be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F.

Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace Rikers Island, RMSC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### 2. United States

Sovereign immunity generally bars federal courts from hearing suits against the federal government, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A plaintiff who sues the United States bears the burden to show that Congress waived sovereign immunity with respect to the claims. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Here, Plaintiff has not invoked any basis for abrogating the immunity of the United States. The Court therefore dismisses Plaintiff's claims against the United States for lack of subject matter jurisdiction, and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. *See* Fed. R. Civ. P. 12(h)(3); § 1915(e)(2)(B)(iii) (allowing for *sua sponte* dismissal of an IFP action that "seeks monetary relief against a defendant who is immune from such relief").

### 3. JetBlue, KKK, and Georgia claims

Plaintiff brings claims against (1) JetBlue regarding the airline's alleged decision to deny her access to her flight because of Plaintiff's tattoos; (2) the "KKK" regarding an alleged sexual assault incident; and (3) the Georgia claims regarding her being kidnapped and placed in detox. She asserts that the alleged events regarding JetBlue occurred in either 2016 or 2017, in Florida;

she does not provide a date or location regarding the alleged assault. As for the Georgia claims,

she does not name any defendants or state when the events occurred.

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not pursue

unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of

Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). The rule provides that Defendants

> may be joined in one action . . . if: (A) any right to relief is asserted against them
> jointly, severally, or in the alternative with respect to or arising out of the same
> transaction, occurrence, or series of transactions or occurrences; and (B) any
> question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Although courts have interpreted Rule 20(a) liberally to allow related

claims to be tried within a single proceeding, 'the mere allegation that Plaintiff was injured by all

Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant

to Rule 20(a).'" *Clay v. Doe*, No. 20-CV-7692, 2020 WL 6151436, at *1 (S.D.N.Y. Oct. 20,

2020) (citing *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir.

1970), and quoting *Deskovic*, 673 F. Supp. 2d at 167).

Rule 21 of the Federal Rules of Civil Procedure provides that, "on its own, the court may

at any time, on just terms, add or drop a party. The court may also sever any claim against a

party." Fed. R. Civ. P. 21. "In determining whether to sever a claim, the Court considers 'the two

requirements of Rule 20 and additional factors, including (1) whether severance will serve

judicial economy; (2) whether prejudice to the parties would be caused by severance; and

(3) whether the claims involve different witnesses and evidence.'" *Clay*, 2020 WL 6151436, at

*2 (quoting *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).

Here, Plaintiff has improperly joined her claims concerning recent events at Rikers Island

with the claims brought against JetBlue and the KKK, and the Georgia claims. Thus, the Court

drops the Jet Blue, KKK and Georgia claims without prejudice pursuant to Rule 21 and declines

to sever these claims and transfer them to other districts because it would not serve the interests of judicial economy. Plaintiff is free to bring any such claims she may be asserting against JetBlue and the KKK, as well as her Georgia claims, in a separate action, in the proper forum.[2]

### 4.    Donald Trump, Jr., Mike Pence, Isaiah Rashad, Drake, Saint Jha, Wiz Kid, and Boosie

The Court dismisses any claims Plaintiff may be asserting against Trump, Jr., Pence, Rashad, Drake, Jha, Wiz Kid, and Boosie because she does not allege any facts regarding their involvement in violating any of her rights. She therefore fails to state a claim against these defendants, and the Court dismisses all claims against them. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to grant her leave to amend her complaint as to Trump Jr. and Pence because any such amendment would be futile, *see Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), as it is not plausible that these two defendants violated any of Plaintiff's federal constitutional or statutory rights, *see Iqbal*, 556 U.S. at 680 (holding that a complaint does not comply with Rule 8 if plaintiff has not "nudged [her] claims  . . . across the line from conceivable to plausible") (citation omitted).

---

[2] The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Should Plaintiff pursue relief against JetBlue and the KKK in a federal court, she must allege facts showing that the federal court has subject matter jurisdiction of her claims. She also must file any such action in a proper venue. Under the general venue provision, 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Court also denies Plaintiff leave to amend her claims as to Rahsad, Drake, Jha, Wiz Kid, and Boosie because Plaintiff has already brought another action regarding the alleged infringement of her music by various artists, including Jha and Wiz Kid. *See Johnson v. Rose M. Singer Ctr.*, ECF 1:22-CV-2410, 1 (S.D.N.Y., complaint filed Mar. 24, 2022). The Court therefore dismisses the claims against Rahsad, Drake, Jha, Wiz Kid, and Boosie without prejudice to the claims she may be asserting in the 22-CV-2410 action.

**B.     The Court grants Plaintiff leave to file an amended complaint regarding the denial of medical care on April 3, 2022**

The Court construes Plaintiff's allegation that she was denied medical care, as asserting a claim under 42 U.S.C. § 1983. Such a claim arises under the Due Process Clause of the Fourteenth Amendment because, as alleged in the complaint, Plaintiff was a pretrial detainee when the events giving rise to this claim occurred. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a medical claim under the Fourteenth Amendment, a plaintiff must state facts suggesting that the medical condition is sufficiently serious and correctional staff acted with at least deliberate indifference toward treating the condition. *See id.* For a condition to be sufficiently serious, it must "either alone or in combination, pose an unreasonable risk of serious damage to [a plaintiff's] health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

To state a viable claim against correctional staff of deliberate indifference, a plaintiff must allege facts indicating "that the defendant-official acted intentionally to impose the alleged [medical] condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have

known, that the condition posed an excessive risk to health or safety." *Id.* at 35. A "mere

disagreement over the proper treatment" is not actionable under Section 1983. *See Chance v.*

*Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Moreover, the negligence of a correctional official is not a basis for a claim of a federal

constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36

(1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff states that she was denied medical care on April 3, 2022, but she does not

allege any facts suggesting that an individual correctional official failed to act with reasonable

care to mitigate a risk posed by Plaintiff's medical condition, and that any such officer knew, or

should have known, that not providing her with medical care posed an excessive risk to her

health or safety. The Court therefore grants Plaintiff leave to file an amended complaint to state

facts in support of her claim that she was denied medical care on April 3, 2022, as follows:

1. Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim

   those individuals who were allegedly involved in the deprivation of her federal right.

2. If Plaintiff does not know the name of a defendant, she may refer to that individual as

   "John Doe" or "Jane Doe" in both the caption and the body of the amended

   complaint, such as, "Correction Officer John Doe #1 on duty April 3, 2022."[4]

---

[3] The caption is located on the front page of the complaint. Each individual defendant
must be named in the caption. Plaintiff may attach additional pages if there is not enough space
to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all
defendants, she should write "see attached list" on the first page of the Amended Complaint. Any
defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of
limitations period governing this action and Plaintiff shall be responsible for ascertaining the true
identity of any "John Doe" defendants and amending his complaint to include the identity of any
"John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to

3. In the "Statement of Claim" section of the amended complaint form, Plaintiff should

include:

    a. the names and titles of all relevant people;

    b. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c. a description of the injuries Plaintiff suffered; and

    d. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

## CONCLUSION

The Court dismisses Plaintiff's claims against Rikers Island, RMSC under the New York City Charter and directs the Clerk of Court, under Fed. R. Civ. P. 21, to add the City of New York.

The Court also dismisses Plaintiff's claims against the United States for lack of subject matter jurisdiction, and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. *See* Fed. R. Civ. P. 12(h)(3); § 1915(e)(2)(B)(iii).

---

add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

The Court further dismisses Plaintiff's claims against Jet Blue and the KKK under Fed. R. Civ. P. 21, without prejudice.

Finally, the Court dismisses Plaintiff's claims against Rashad, Drake, Trump, Jr., Pence, Saint Jha, Wiz Kid, and Boosie for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The claims against Rashad, Drake, Saint Jha and Wiz Kid are dismissed without prejudice to Plaintiff's litigating her claims raised in *Johnson*, ECF 1:22-CV-2410, 1.

The Court grants Plaintiff leave to file an amended complaint to assert her medical claim against the City of New York. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3047 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 21, 2022
         New York, New York

                                   /s/ Laura Taylor Swain
                                   _____
                                      LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                         State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |
| Current Job Title (or other identifying information) | | |
| Current Work Address | | |
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |
| Current Job Title (or other identifying information) | | |
| Current Work Address | | |
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |
| Current Job Title (or other identifying information) | | |
| Current Work Address | | |
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |
| Current Job Title (or other identifying information) | | |
| Current Work Address | | |
| County, City | State | Zip Code |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____